IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-22-264-C |
| ) | |
| AD ASTRA RECOVERY SERVICES, ) | |
| INC.; JEFFERSON CAPITAL SYSTEMS; ) | |
| and KANSAS COUNSELORS, INC., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jefferson Capital Systems, LLC ("Jefferson"), has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Ad Astra Recovery Services, Inc. ("Ad Astra"), and Kansas Counselors, Inc. ("Kansas"), have filed a joint Motion to Dismiss asserting lack of standing and failure to state a claim for relief. Plaintiff has filed an untimely response to Jefferson's Motion. The Court will consider the Response despite its untimely filing. Although the time to respond has passed, Plaintiff has not responded or sought additional time to respond to the Ad Astra/Kansas Motion. Accordingly, pursuant to LCvR 7.1, the facts outlined by Defendants Ad Astra/Kansas will be deemed confessed.

Plaintiff is the assignee of Jordan Bundy. In his Complaint, Plaintiff alleged that Ms. Bundy allegedly had erroneous information made to the credit reporting agencies and that as a result Ms. Bundy was harmed. Ms. Bundy then assigned to Plaintiff her alleged claim for violation of the Fair Debt Collection Practices Act ("FDCPA").

Among other arguments, all Defendants seek dismissal arguing that Oklahoma law does not permit assignment of the claim. Defendants assert that under Oklahoma law only claims arising in contract and subrogation can be assigned. Defendants direct the Court to 12 Okla. Stat. § 2017(D). In pertinent part, that statute states: "The assignment of claims not arising out of contract is prohibited." In the case at bar, there is no evidence to suggest that Ms. Bundy's claims arose out of a contractual relationship with any Defendant. Rather, it is clear that any claim Ms. Bundy has against any Defendant for the alleged violation of the FDCPA sounds in tort. Accordingly, the claim cannot be assigned and Plaintiff cannot pursue this action, as he is not the real party in interest. In his Response to Jefferson, Plaintiff argues that the underlying debt arose from a contract that Ms. Bundy had with Verizon. Thus, Plaintiff argues Ms. Bundy's claims arose from a contract and therefore assignment is permitted. Plaintiff's argument lacks merit. Any claim Ms. Bundy has for violation of the FDCPA arises solely from the violation of that statute and thus is a tort claim. The fact that Ms. Bundy may have had a contract with Verizon and that as a result of that contract there was some alleged violation of the FDCPA does not equate to Ms. Bundy's tort claim arising in contract. Put more simply, a claim for violation of the FDCPA could exist absent any contract and thus it is a pure tort claim. See Chimney Rock Ltd. P'ship v. Hongkong Bank of Canada, 1993 OK CIV APP 94, ¶ 11, 857 P.2d 84, 88. Thus, Ms. Bundy's claim could not legally be assigned to Plaintiff. Therefore, Plaintiff lacks standing to pursue this action. Accordingly, Defendants' Motions will be granted.

For the reasons set forth herein, Defendant Jefferson Capital Systems, LLC's Motion to Dismiss (Dkt. No. 16) and Defendants Ad Astra Recovery Services, Inc., and Kansas Counselors, Inc., Motion to Dismiss (Dkt. No. 17) are GRANTED. Because no amendment could cure the defects noted herein, the case will be DISMISSED with prejudice, and a judgment shall enter accordingly.

**IT IS SO ORDERED** this 9th day of June 2022.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge